IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   14-cv-01746-LTB

GORDON BAUER,

        Plaintiff,
v.

CITY AND COUNTY OF DENVER,

        Defendant.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss, filed by Defendant City and County of Denver (the "City") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [**Doc # 10**] In addition, I address the Motion to Amend Complaint, filed by Plaintiff Gordon Bauer pursuant to Fed. R. Civ. P. 15(a). [**Doc # 13**]  Oral arguments would not materially assist me in my determination of these motions.  After consideration of the parties' briefs and attachments, and for the reason stated, I GRANT the Motion to Dismiss filed by the City, and I DENY the Motion to Amend filed by the Plaintiff.

**I.  Motion to Amend**

As an initial matter, I address Plaintiff's motion seeking to amend his complaint pursuant to Fed.R.Civ.P. 15(a)(2), which states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

It is well-settled that motions to amend should be freely granted when justice requires. *See Bellairs v. Coors Brewing Co.*, 907 F.Supp. 1448, 1459 (D.Colo. 1995).  However, a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the

movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Where a party opposes a motion to amend on grounds of futility, the court must apply the same standard that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Jefferson County School District No. R–1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)(ruling that a proposed amendment is futile if the complaint, as amended, would be subject to dismissal).

Thus, I consider the proposed amendments to Plaintiff's complaint when assessing Defendant's claim that the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). Because I conclude that Plaintiff's proposed amended complaint should be dismissed under Fed. R. Civ. P.12(b)(6), as discussed below, I deny his motion to amend as futile. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)(ruling that a court may deny leave to amend where the proposed amendments fail to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), as "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim").

## II. Background

In his complaint, filed on June 23, 2014, Plaintiff claims that during the months of April and May of 2012, he was incarcerated in Denver County Jail in the custody of the Denver Sheriff's Department. [Doc #1 ¶11] During that time Plaintiff suffered extreme pain to his right leg, ankle and foot caused by his diabetes. [Doc #1 ¶6 & ¶12] Plaintiff reported the pain, but was denied access to immediate medical care. [Doc #1 ¶13] However, after complaining for several days, he was "finally taken to Denver Health" where bandages were applied. [Doc #1

¶14] Plaintiff continued to complain about pain, and was eventually seen again at Denver Health "where they advised him that the foot had gotten to[o] bad to repair or save." [Doc #1 ¶14] Plaintiff asserts that Denver Health "failed to properly diagnose and treat [his] foot." [Doc #1 ¶9] As such, Plaintiff claims that during his incarceration he "was not properly cared for and was refused proper medical treatment from the City Jail employees." [Doc #1 ¶6]

Plaintiff also asserts that after his release he was seen by several physicians in an attempt to save his foot from being amputated. [Doc #1 ¶15] Ultimately, "[a]s a result of the City's negligence and Denver Health's negligence [Plaintiff] was required to undergo full amputation of his lower leg" or right foot on June 28, 2012. [Doc #1 ¶10 & ¶16] In his proposed amended complaint, Plaintiff further asserts that in August of 2012, his primary care physician opined that if he would have gotten proper treatment while in jail his foot could have been saved. [Doc #14 ¶15]

Plaintiff filed this civil rights action against the City, pursuant to 42 U.S.C. §1983, claiming a violation of the Eight Amendment Prohibition Against Cruel and Unusual Punishment. Specifically, Plaintiff argues that he had a clearly established right to be free from deliberate indifference to his known serious medical needs. [Doc #1 ¶21] He avers that the City acted in bad faith and with deliberate indifference to Plaintiff's serious medical needs and constitutional rights when an unknown individual Defendant willfully ignored his repeated requests for medical attention and intentionally denied and/or delayed his access to medical care. [Doc #1 ¶22] In addition, he asserts that the individual Defendant, acting with deliberate indifference, did not enter a medical order disallowing the use of ill-fitting boots for Plaintiff, did not make or implement an appropriate wound care plan, and decided not to transfer him

emergently outside of the facility. [Doc #1 ¶22] In his proposed amended complaint, Plaintiff notes that the names of the Sheriff's involved are "unknown to the Plaintiff" and that the Sheriff Department's "unconstitutional policies, customs, [and] practices described herein, where the legal proximate cause of the amputation of the Plaintiff's foot." [Doc #14 ¶17 & ¶25] In so doing, Plaintiff notes that the City has recently been charged with numerous lawsuits and allegations of abuse and failure to provide medical attention to their inmates. [Doc #14 ¶25]

### III. Motion To Dismiss

The City has filed this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted based on the following three grounds: 1) Plaintiff failed to timely serve his complaint pursuant to Fed. R. Civ. P. 4(m); 2) Plaintiff's claim is barred by the applicable statute of limitations; and 3) Plaintiff's conclusory allegations of municipal liability are insufficient to state a plausible claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Statue of Limitations

Because it is dispositive, I first address the City's claim that Plaintiff's motion must be dismissed on the basis that it is untimely.

A statute of limitations bar may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Torrez v. Eley,* 378 Fed.Appx. 770, 772 (10th Cir. 2010)(not selected for publication)(*quoting Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

Periods of limitation applicable to §1983 claims are to be determined by reference to the appropriate state statute of limitations. *Baker v. Bd. of Regents*, 991 F.2d 628, 632-33 (10th Cir.

1993). In Colorado, actions brought under §1983 are governed by the two-year statute of limitations codified at Colo. Rev. Stat. § 13-80-102(g), which provides that "[t]he following civil actions . . . shall be commenced within two years after the cause of action accrues, and not thereafter: . . . all actions upon liability created by a federal statute where no period of limitations is provided in said federal statute." *See Riel v. Reed*, 760 F.Supp. 852, 854-55 (D. Colo. 1991) (citations omitted).

While state law governs the applicable limitations period, federal law specifies when a §1983 claim accrues. *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987); *see also Baker v. Bd. of Regents, supra*, 991 F.2d at 632. "Since the injury in a §1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)(citations omitted). A plaintiff "need not know the full extent of [his or her] injuries before the statute of limitations begins to run." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Furthermore, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents, supra*, 991 F.2d at 632. The date a statute of limitations accrues, under undisputed facts, is a question of law. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

In his complaint, Plaintiff avers that he was subjected to cruel and usual punishment, in the form of inadequate and untimely medical care, while he was incarcerated "in April of 2012 through May of 2012." He asserts that during this time, after complaining, he was initially taken to Denver Health where he received treatment in the form of bandages. He continued to

complain, however, and was eventually seen again at Denver Health "where they advised him that the foot had gotten to[o] bad to repair or save." Although his foot was not amputated until June 28, 2012, after he was released, I agree with the City that Plaintiff's claims accrued when he was told that his foot could not be repaired or saved. This was sometime during his incarceration.

In so ruling, I reject Plaintiff's argument that his claim did not accrue until his foot was amputated (on June 28, 2012) or until he was told by his primary care physician (in August 2012) that his foot could have been saved if he received proper health care while incarcerated. Plaintiff avers that he complained of pain without receiving timely effective medical attention, and that he initially knew that his foot could not be repaired or saved before he was released. Such information constitutes facts "that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004)(ruling that "a plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations," but "[r]ather, we focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm"). It is undisputed, under the facts as alleged by Plaintiff in this case, that the constitutional harm occurred while Plaintiff was still incarcerated. *Smith v. City of Enid, supra,*, 149 F.3d at 1154. Plaintiff does not provide the specific date he was told that his foot could not be saved, but it would have been during his imprisonment in either April or May of 2012. Thus, the time period for filing suit commenced, at that latest, two years from May 31, 2014. As such, his complaint dated June 23, 2014, is barred by the statute of limitations

Therefore, I conclude that Plaintiff's claim seeking relief pursuant to 42 U.S.C. §1983 is

untimely.

**B. Failure to State a Claim**

Even if timely filed, however, Plaintiff's complaint, including his proposed amendments, fails to state a claim under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then [Plaintiffs] have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)(*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "[I]n examining a complaint under Rule 12(b)(6), we . . . disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* A pleading that offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do; nor does the complaint suffice if it tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555, 557.

Thus, "the *Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Burnett v. Mortgage Elec. Registration Sys., Inc,.* 706 F.3d 1231, 1235-36 (10th

Cir. 2013)(*quoting Khalik v. United Air Lines, supra*, 671 F.3d at 1191).

Defendant argues that Plaintiff's complaint lacks factual allegations sufficient to support municipal liability against the City because it fails to identify any policy or custom (or failure to train/supervise) that would give rise to a constitutional violation. In order to assert municipal liability, a plaintiff is required to allege facts showing (1) that his constitutional rights were violated; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

I note that Plaintiff's complaint alleges that an unnamed "Individual Defendant" acted "in bad faith and with deliberate indifference to Plaintiff's serious medical needs and constitutional rights when he willfully ignored his repeated requests for medical attention and intentionally denied and/or delayed his access to medical care;" and "with deliberate indifference, did not enter a medical order disallowing the use of ill-fitting boots for Plaintiff, did not make or implement an appropriate wound care plan, and decided not to transfer him emergently outside of the facility." [Doc #1 ¶21 & ¶22]. These assertions do not establish or support a claim against the City, however, as it is clear that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)(ruling that a local government entity cannot be liable under § 1983 solely because its employees allegedly violate a plaintiff's rights); *see also Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).

Plaintiff's complaint does allege generally that "the acts or omissions of Defendant as described herein intentionally deprived Plaintiff of his constitutional rights and were moving

forces and substantial significant contributing proximate causes of Plaintiff's injuries." [Doc #1 ¶ 24] In addition, in his proposed amendment Plaintiff seeks to further allege that the City, specifically the Sheriffs Department's "unconstitutional policies, customs, [and] practices described herein, were the legal proximate cause of the amputation of the Plaintiff's foot." [Doc #14 ¶25]

The acts or failures-to-act described in the complaint consist of an allegation that Plaintiff "was not properly cared for and was refused proper medical treatment from the City jail employees" and/or that "he was denied access to immediate health care" [Doc 31 ¶6 & ¶13] These unrefined allegations do not support a conclusion that the acts were consistent with a City policy or custom, as opposed to the individual treatment of Plaintiff by an unnamed "Individual Defendant" or jail employees. Instead, Plaintiff appears to rely on his proposed allegation that the City has "recently been hit" with numerous lawsuits and allegations of abuse or failure to provide medical attention. [Doc #14 ¶25] Assuming this is true, however, it is insufficient to allege a factual basis of a municipal practice that "was the moving force" behind the specific constitutional violation he was subject to, pursuant to *Board of County Commissioners of Bryan County v. Brown*, *supra*, 520 U.S. at 404, or that the municipality consciously or deliberately chose to disregard the risk of harm after notice under *City of Canton v. Harris*, 489 U.S. 378, 389 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). I agree with the City that this conclusory and vague allegation of other publicized cases, in and of itself, cannot support a plausible case of municipal liability. Rather, Plaintiff's complaint has failed to identify any policy or custom employed by Defendant to effectuate the alleged constitutional violation.

Thus, Plaintiff has failed to state a plausible municipal liability claim for relief, pursuant

to Fed. R. Civ. P. 12(b)(6), against the City under 42 U.S.C. §1983.

**C.  Untimely Service**

Finally, because I have dismissed Plaintiff's case on the basis that it is untimely filed and failed to state a claim upon which relief could be granted, I do not reach the City's argument Plaintiff's complaint should be dismissed for failure to timely serve it under the 120 day requirement set forth in Fed. R. Civ. P. 4(m).


ACCORDINGLY, for the foregoing reasons, I DENY the Motion to Amend Complaint filed by Plaintiff pursuant to Fed. R. Civ. P. 15(a) [**Doc # 13**], and I GRANT the Motion to Dismiss filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(6). [**Doc # 10**] As such, I DISMISS this case in its entirety.

Dated: July   7  , 2015 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE